Michael A. FRIES, Plaintiff—Appellant,

v.

Randall RUSH, Deputy, (O.C.J.), Supervising Staff aka Unknown Rush; Orange County Sheriff's Department; County of Orange, Defendants—Appellees.

No. 03–57159.

D.C. No. CV–97–08699–TJH.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 20, 2005.

Stanley M. Gibson, Jeffer Mangels Butler & Marmaro LLP, Los Angeles, CA, for Plaintiff–Appellant.

S. Frank Harrell, Lynberg and Watkins, Orange, CA, for Defendants–Appellees.

Before GRABER and W. FLETCHER, Circuit Judges, and FOGEL,** District Judge.

MEMORANDUM ***

Michael A. Fries sued Sheriff's Deputy Randall Rush, the Orange County Sheriff's Department, and Orange County under 42

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

665

U.S.C. § 1983. Fries alleges that during the time he was incarcerated in the Orange County Jail, Rush directed or caused other inmates to abuse him. He also alleges that Orange County policies relating to the segregation of protective custody inmates placed him in danger. The case went to a jury trial on October 7 and 8, 2003. At the close of Fries's case, the district court granted the defendants' motion for judgment as a matter of law (1) that Rush was protected by qualified immunity; and (2) that Fries failed to establish liability under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A grant of a motion for judgment as a matter of law is reviewed de novo. *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1226 (9th Cir.2001).

Judgment as a matter of law is appropriate if "during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed.R.Civ.P. 50(a)(1). We have reviewed the record in this case, and we agree with the district court's determination that no reasonable jury could have found that Rush was not protected by qualified immunity, or that the county defendants could be held liable consistent with *Monell.* Fries's testimony was insufficient to tie Rush to actionable behavior under § 1983, and he presented no evidence of an unconstitutional policy or custom sufficient for liability under *Monell.* Fries suggests that, had judgment as a matter of law not been granted on the *Monell* claim, he would have introduced evidence to support it. However, Fries

rested his case before the district court granted the defendants' motion.

**AFFIRMED.**